UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DEEP HASH MINING, LLC, | ) | |
| A foreign limited liability corporation, | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED PARCEL SERVICE, INC., | ) | |
| BITMARS GROUP, INC., SHENZHEN | ) | |
| SHICHENG CLOUD COMPUTING | ) | |
| TECHNOLOGY CO., LTD., | ) | |
| SHENZHEN ZINTIANCHEN FREIGHT | ) | |
| FORWARDING CO., LTD. AND PING AN | ) | |
| PROPERTY & CASUALTY INSURANCE | ) | |
| OF CHINA LTD. | ) | |

## COMPLAINT

Now comes PLAINTIFF DEEP HASH MINING LLC ("Plaintiff"), by and through its attorneys, Michael Shacter of Shacter Law and states for its complaint against UNITED PARCEL SERVICE, INC. ("UPS"), DEFENDANTS BITMARS GROUP INC. ("Bitmars"), SHENZHEN SHICHENG CLOUD COMPUTING TECHNOLOGY CO., LTD ("Shenzhen Shicheng") and SHENZHEN XINTIANCHEN FREIGHT FORWARDING CO. LTD. ("Shenzhen Xi") and PING AN PROPERTY & CASUALTY INSURANCE COMPANY OF CHINA LTD ("Ping AN") as follows:

## PARTIES

1. Plaintiff Deep Hash Mining, LLC is a Delaware limited liability company with its principal place of business in Illinois.

2. Plaintiff's member is Valiant Investment Holdings, LLC whose members are:

   a. Louis Amatucci, an Illinois resident

      b. Chris Marston, an Illinois resident; and

      c. The Manhattan Mammoth Trust, a Nevada company, which is owned by Kevin Hertz, a California resident.

3. Defendant, UPS, is a Delaware corporation which operates throughout the Untied States including Illinois.

4. Defendant Bitmars is a New York corporation with its principal place of business in Shenzhen, China.

5. Defendant Shenzhen Shicheng is a Chinese corporation with its principal place of business in Shenzhen, China, which regularly does business throughout the United States.

6. Defendant, Shenzhen Xi, is a foreign corporation with its principal place of business in Shenzhen, China, and doing, business in the United States.

7. Upon information and belief, Ping An Property & Casualty Insurance Company of China Ltd. is a foreign corporation with a principal place of business in the People's Republic of China. Upon further information and belief, all direct and indirect owners of Ping An Property & Casualty Insurance Company of China Ltd. are citizens of the People's Republic of China.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

9. As to the claim against UPS, Plaintiff's claims for damage and loss of goods shipped in interstate commerce are governed exclusively by Federal law, i.e. the Carmack Amendment to the Interstate Commerce Act. See 49 U.S.C. § 14706.

10. Venue is proper pursuant to 49 U.S.C. § 14706(d)(1) because Defendant UPS operates within the Northern District of Illinois.

11. Venue is proper pursuant to and 28 USC § 1391(b) because UPS is a resident and regularly conducts business in the Northern District of Illinois and Plaintiff's principal place of business is in the Northern District of Illinois.

## COMMON FACTS

12. On or about July 2024, Plaintiff and Bitmars entered into an agreement whereby Bitmars agreed to sell servers and component parts ("Property") to Plaintiff in consideration of $892,696. ("Agreement"). A copy of the invoice reflecting the agreement is attached as **Exhibit 1**.

13. Plaintiff paid Bitmars pursuant to the Agreement.

14. Bitmars hired Shenzhen Shicheng as a freight forwarder to ship the Property to Plaintiff.

15. Shenzhen Shicheng's agreement with Bitmars required the purchase of insurance for the benefit of Plaintiff.

16. The insurance coverage was to cover the $1,004,200, the value of the Property during the transport.

17. At all relevant times the Defendants knew that the agreement to ship the Property was for Plaintiff's benefit.

18. Shenzhen Shicheng as Bitmars agent hired Shenzhen Xi to transport the Property to the United States.

19. UPS was hired to transport the Property upon its arrival in the United States to Plainview, Texas.

20. On August 6, 2024, UPS truck no. 634042 ("Truck") was transporting the Property when the Truck's mechanical defect caused a fire and destroyed 187 of the 204 parcels that comprised the Property.

21. Since August 6, 2024, Defendants have failed to either replace the Property or issue a refund to Plaintiff.

22. As a result of Defendants' failure to deliver the Goods and refusal to replace or refund the purchase price, Plaintiff has incurred over one million dollars in losses and continues to lose two thousand, one hundred, thirty-four dollars ($2,134) per day, per server since August 6, 2024.

23. Bitmars, Shenzhen Shicheng and Shenzhen Xi agreed to provide insurance for the benefit of Plaintiff regarding the safe shipping and transportation of the Property.

24. Defendants allegedly purchased a policy from Chinese insurer PING AN.

25. Plaintiff submitted a claim to Ping AN but has not received a response much less a payment for Plaintiff's losses.

26. On information and belief Bitmars, Shenzhen Shicheng and Shenzhen Xi failed to purchase insurance for the benefit of Plaintiff.

27. Plaintiff is, and was, a third-party beneficiary to the agreement by Bitmars, Shenzhen Shicheng and Shenzhen Xi to purchase insurance.

### COUNT I-CARMACK AMENDMENT
### (UPS)

28. Plaintiff incorporates Paragraphs 1-22 as Paragraph 28.

29. At all relevant times, UPS was engaged in the business of transporting property or goods for hire as a motor carrier in interstate commerce.

30. UPS failed to deliver the Property to Plaintiff in the same order and condition as

UPS received the Property.

31. UPS breached, failed and violated its duties and obligations and is liable under the Carmack Amendment, 49 U.S.C.A. § 14706, et seq.

32. UPS is liable for Plaintiff's actual loss plus plus prejudgment and costs.

WHEREFORE, Plaintiff Deep Hash Mining, LLC prays that this Court enter a judgment in its favor and against UPS in the amount of its actual losses, prejudgment interest and any other amount this Court deems appropriate.

### COUNT II – BREACH OF CONTRACT
### (Bitmars)

33. Plaintiff incorporates Paragraphs 1-27 as Paragraph 33.

34. Plaintiff complied with the Agreement when it paid Bitmars.

35. Bitmars and Shenzhen failed to deliver the Property.

36. Plaintiff has made multiple demands for Bitmars and Shenzhen to refund Plaintiff's payment or deliver the equivalent Property.

37. Bitmars and Shenzhen have failed and refused to the comply with the Agreement.

38. Due to Bitmars and Shenzhen's breach of contract and refusal to cure, Plaintiff has suffered damages which include, the purchase price of the goods, loss of revenue and the costs associated with bringing suit.

WHEREFORE, Plaintiff Deep Hash Mining, LLC prays that this Court enter a judgment in its favor and against Bitmars and Shenzhen in the amount of $1,811.556, plus prejudgment interest and any other amount this Court deems appropriate.

### COUNT III-BREACH OF CONTRACT
### (Shenzhen Shicheng)

39. Plaintiff incorporates Paragraphs 1-38 as Paragraph 39.

40. Plaintiff is the intended beneficiary of Bitmar's agreement with Shenzhen.

41. Shenzhen failed to deliver the Property.

42. Plaintiff has made multiple demands for Shenzhen to pay Plaintiff or deliver the equivalent Property.

43. Shenzhen has failed and refused to the comply with the Agreement.

44. Due Shenzhen's breach of contract and refusal to cure, Plaintiff has suffered damages which include, the purchase price of the goods, loss of revenue and the costs associated with bringing suit.

WHEREFORE, Plaintiff Deep Hash Mining, LLC prays that this Court enter a judgment in its favor and against Shenzhen in the amount of $1,811.556, plus prejudgment interest and any other amount this Court deems appropriate.

## COUNT IV – BREACH OF CONTRACT
### (Defendant Shenzhen Xi)

45. Plaintiff restates Paragraphs 1-44 as Paragraph 45.

46. On information and belief Bitmars and/or Shenzhen Shicheng, entered into a contract with Shenzhen Xi in which Shenzhen Xi agreed to ship the Property for the benefit of Plaintiff.

47. Shenzhen Xi breached the contract when it failed to Deliver the Goods to Plaintiff.

48. Plaintiff has demanded that Shenzhen Xi cure its breach of contract but Shenzhen Xi has failed and refused to cure its breach.

49. As a result of Schenzhen Xi's breach of contract, failure to procure insurance and refusal to cure, Plaintiff has suffered damages which include, but are not limited to, the purchase price of the goods, loss of revenue, and the costs associated with bringing suit.

WHEREFORE, Plaintiff Deep Hash Mining, LLC prays that this Court enter a judgment

in its favor and against Schenzhen Xi in the amount of $1,811.556, plus prejudgment interest and any other amount this Court deems appropriate.

## COUNT IV-DECLARATORY JUDGMENT
### (Ping AN)

50. Plaintiff restate Paragraphs 1-27 as Paragraph 50 herein.

51. This action seeks a declaratory judgment with respect to a claim asserted by Plaintiff for damages stemming from the Truck fire.

52. On information and belief, at the time of the truck fire, an insurance policy ("Policy") issued by Ping AN covered the Property for the benefit of Plaintiff. A copy of a sample of one of many of the certificates of insurance is attached. **Exhibit 2**. Plaintiff does not have possession of the complete policy.

53. An actual and ripe controversy exists concerning the parties' rights and obligations under the Policy.

54. Plaintiff requests a declaration that Defendant must indemnify Plaintiff for its loss of the Hardware and any consequential damages allowed by the Policy.

55. This action is properly brought under the Declaratory Judgment Act, 28 U.S.C. §2201, in that there is an actual controversy within this jurisdiction and the facts of this case warrant the Court's exercise of its jurisdiction

56. More specifically, this action arises out of damage to the Property and Ping AN's failure to comply with the terms of the Policy.

57. This Court has specific personal jurisdiction over Ping AN in that this action arises out of services contracted by or on behalf of ties to be performed by Defendant in providing insurance coverage for the benefit of Plaintiff.

58. On information and belief, at the time of the truck fire, the Property was insured under the Policy.

59. With few exceptions, the Property was destroyed.

60. Ping AN was subject to the terms of the Policy when the Incident occurred.

61. The Policy requires Ping AN to indemnify Plaintiff for its losses.

62. This matter presents an actual, present, real, and substantial controversy between the parties hereto with respect to the matters set forth herein and for which declaratory relief is appropriate.

63. Plaintiff seeks a declaratory judgment that the Policy's limits of liability and loss allocation are enforceable and that Ping AN has a duty to indemnify Plaintiff for the losses incurred.

WHEREFORE, Plaintiff respectfully requests that the Court enter a declaration and judgment in its favor:

A. Declaring that Ping AN has a duty to pay Plaintiff for any loss relating to the incident;

B. Award it additional declaratory and other relief as shall be found to be appropriate under the circumstances; and

D. Awarding its fees and costs incurred in prosecuting this claim.

## COUNT V-BREACH OF CONTRACT
### (Ping AN)

64. Paragraphs 50-63 are restated and realleged as Paragraph 64.

65. Damages incurred by Plaintiff as a result of the fire were covered by the Policy.

66. Plaintiff has submitted claims and demanded Ping AN to comply with the Policy.

67. Plaintiff has been damaged in excess of $1Million because of Defendant's failure to comply with the Policy.

68. Defendant's delay in resolving the claim has been vexatious and unreasonable.

WHEREFORE, Plaintiff prays that this Court enter an order granting judgment against defendant and an order for damages in an amount to be determined at trial.

## COUNT VI-BAD FAITH
## (Ping AN)

69. Plaintiff restates Paragraphs 50 to 68 are restated as Paragraph 69.

70. Ping AN violated Section 541 of the Illinois Insurance Code when it failed to effectuate a prompt, fair and equitable settlement.

71. Plaintiff has made repeated demands for Ping AN to comply with the Policy.

72. Ping AN has refused to comply with the terms of the Policy.

73. On information and belief the language of the Policy states that Ping AN must provide coverage.

74. Defendant's denial and refusal to adhere to the terms of the Policy has been vexatious and unreasonable and has caused plaintiff to incur substantial losses including loss of revenue, ultimately his inability to maintain the Property.

WHEREFORE, Plaintiff prays that this Court enter a judgment against defendant for bad faith and grant plaintiff actual damages, court costs, reasonable and necessary attorney's fees and any other relief the court determines is proper.

DEEP HASH MINING, LLC

By: _____
One of its Attorneys

Michael Shacter
Shacter Law

1603 Orrington Ave., Suite 600
Evanston IL 60201
847-942-7208
mshacter@shacterlawfirm.com

Exhibit 1



# BITMARS GROUP INC
**Mining With BITMARS, Maximize Your Wealth**

Headquarters: 2807 Changjiang Center Longhua District Shenzhen China

Sales: Wendy Wen
Mobile: 0086-167 6339 6253

# PROFORMA INVOICE

Date: 23/July/2024
Invoice NO.: BM-20240723WDHMA

**TO:**

Deep Hash Mining
867 Boylston Street, 5th Floor 1581
Boston MA 02116

| Item | MODEL | QTY (pcs) | Unit price (USD) | Total (USD) |
|---|---|---|---|---|
| 1 | Whatsminer M66 276T | 26 | $4,416.00 | $114,816.00 |
| 2 | Whatsminer M66 274T | 36 | $4,384.00 | $157,824.00 |
| 3 | Whatsminer M66 272T | 52 | $4,352.00 | $226,304.00 |
| 4 | Whatsminer M66 266T | 20 | $4,256.00 | $85,120.00 |
| 5 | Whatsminer M66 264T | 30 | $4,224.00 | $126,720.00 |
| 6 | Whatsminer M66 262T | 36 | $4,192.00 | $150,912.00 |
| 7 | DDP shipping cost with insuracne by UPS | 200 | $155.00 | $31,000.00 |
| | | | | |
| | **Total Amount** | | | $892,696.00 |
| | **The First Payment** | | | $790,000.00 |

Terms of sales and other comments:

1.) DAP HONGKONG, CHINA

2.) Payment: 100% pre-paid in advance

**Bank Information**

Company Name: Superacme Technology (Hong Kong) Ltd
Company Address: Hsae Building, Sixth Hi-Tech South Street 8th Floor, Nanshan District, Shenzhen, Guangdong Province, China
SWIFT Code: SCBLHKHHXXX
Bank Code: 003
Bank Name: Standard Chartered Bank (Hong Kong) Limited
Bank account: 368-1-165318-4
Bank Address: Payment Centre, 15/F, Standard Chartered Tower, 388 Kwun Tong Road, Kwun Tong, Kowloon, Hong Kong

Remark: Kindly note that the bank handling fee borne by customer



# PROFORMA INVOICE

**BITMARS GROUP INC**
Mining With BITMARS, Maximize Your Wealth

Headquarters: 2807 Changjiang Center Longhua District Shenzhen China

**Sales: Wendy Wen**
**Mobile: 0086-167 6339 6253**

Date: 23/July/2024
Invoice NO.: BM-20240723WDHMB

**TO:**

**Deep Hash Mining**
**867 Boylston Street, 5th Floor 1581**
**Boston MA 02116**

| Item | MODEL | QTY (pcs) | Unit price (USD) | Total (USD) |
|---|---|---|---|---|
| 1 | Whatsminer M66 276T | 26 | $4,416.00 | $114,816.00 |
| 2 | Whatsminer M66 274T | 36 | $4,384.00 | $157,824.00 |
| 3 | Whatsminer M66 272T | 52 | $4,352.00 | $226,304.00 |
| 4 | Whatsminer M66 266T | 20 | $4,256.00 | $85,120.00 |
| 5 | Whatsminer M66 264T | 30 | $4,224.00 | $126,720.00 |
| 6 | Whatsminer M66 262T | 36 | $4,192.00 | $150,912.00 |
| 7 | DDP shipping cost with insuracne by UPS | 200 | $155.00 | $31,000.00 |
| | | | | |
| | **Total Amount** | | | $892,696.00 |
| | **The Second Payment** | | | $102,696.00 |

Terms of sales and other comments:

1.) DAP HONGKONG, CHINA

2.) Payment: 100% pre-paid in advance

**Bank Information**
Beneficiary Name: Hongkong Starchain Group Limited
Company Address: UNIT A ON 20TH FLOOR WANG CHEONG BUILDING NO.251 RECLAMATION STREET KOWLOON HK
Account Number: 20000013040487
ACH Routing Number: 028000024
Wire Number: 021000021
SWIFT/BIC: CHASUS33
Bank Name: JP MORGAN CHASE BANK, N.A.
Bank Address: 4 NEW YORK PLAZA FLOOR 15, New York, United States

Remark: Kindly note that the bank handling fee borne by customer

### SHENZHEN SHICHENG CLOUD COMPUTING TECHNOLOGY CO., LTD.

UNIT 2410-12.24th FLOOR YANGTZE CHINA RIVER CENTER INTERSECTION OF RENMIN ROAD AND JIANSHE ROAD JINGLONG COMMUNITY LONGHUA STREET LONGHUA DISTRICT SHENZHEN CHINA

Sales: Wendy Wen, Phone: +86 167 6339 6253

## PACKING LIST

| INVOICE No.: | | DATE: | 2024/7/26 |
|---|---|---|---|

**Consignee:**

| Company: | Kevin Hertz |
|---|---|
| ADD: | 1415 Co Rd 514 Dimmitt TX 79027 USA |
| ATT: | Kevin Hertz |
| Tel: | 1 213-448-4919 |

| Item | DESCRIPTION | shipment weight | shipment size | QTY (pcs) |
|---|---|---|---|---|
| 1 | Computer Server<br>HS Code: 8471504090 | 19 | 55*40*25 | 183 |
| 2 | Computer power line<br>HS Code: 8471609000 | 17 | 50*45*35 | 4 |
| | TOTAL AMOUNT | | | 187 |

**Exhibit 2**

中国平安 PINGAN
专业·价值

# 中国平安财产保险股份有限公司
## 货 物 运 输 保 险 单
### CARGO TRANSPORTATION INSURANCE POLICY

Claim documents please mail to:
Marine Claim Section, National Integrated
Operation Center, Ping An
(Group)Company of China, Ltd.
P.O>BOX201-003,
Shanghai 201203, P.R.China
Tel:+86-755-95512
Fax:+86-21-5027 4783
E-mail:marine-claim@Pingan.com.cn

◆ 以下信息来源于您的投保申请，是为您提供理赔及售后服务的重要依据，请务必仔细核对，如有错误或遗漏请立刻拨打95511申请修改。
Please confirm the accuracy of following information to ensure that we can provide effective claim and other service accordingly. Should you have any query, please contact us by +86-755-95511.

| 被保险人： 深圳市施诚云算科技有限公司 |
|---|
| Insured: |
| 通讯地址及邮编：....... |
| Address: |

中国平安财产保险股份有限公司上海分公司 根据被保险人的要求及其所交付的保险费，按照本保险单背面所载条款与下列特款，承保下述货物运输保险，特立本保险单。

This Policy of insurance witnesses that Ping An Property & Casualty Insurance Company Of China, LTD. Shanghai Branch, at the request of the Insured and in consideration of the agreed premium paid by the Insured, undertakes to insure the undermentioned goods in transportation subject to the conditions of Policy as per the clauses printed overleaf and other special clauses attached hereon.

| 保单号 Policy No. | 10212073902602579986 | 赔款偿付地点 Claim Payable at | CHINA IN USD |
|---|---|---|---|
| 发票或提单号 Invoice No. or B/L No. | 1ZA6D126DA02317162 | 查勘代理人 Survey by: | |
| 运输工具 Per Conveyance S.S. | BY UPS | | Alexander Gow Inc ADDR:221 First Avenue West, Suite 115 Seattle United States of America WA 98119 lloydsagency@alexgow.com TEL:+1 206 285 7776 FAX:+1 206 285 9243 |
| 起运日期 Slg. on or abt | Jul 27, 2024 | 自 From | HONG KONG |
| | | 至 To | 1415 Co Rd 514 Dimmitt TX 79027 USA |
| 保险金额 Amount Insured | USD35,140.00 (USD THIRTY FIVE THOUSAND ONE HUNDRED AND FORTY ONLY) | | |

| 保险货物项目、标记、数量及包装： Description, Marks, Quantity & Packing of Goods: Computer Server | 承保条件： Conditions: COVERING AIR TRANSPORTATION ALL RISKS AS PER AIR TRANSPORTATION CARGO INSURANCE CLAUSE. |
|---|---|

7PACKAGES=7PCS

DEDUCTIBLE 5% OF THE SUM INSURED.

签单日期  Jul 26, 2024
Date of Issue:

### IMPORTANT
PROCEDURE IN THE EVENT OF LOSS OR DAMAGE FOR WHICH UNDERWRITERS MAY BE LIABLE
LIABILITY OF CARRIERS, BAILEES OR OTHER THIRD PARTIES
  It is the duty of the Assured and their Agents, in all cases, to take such measures as may be reasonable for the purpose of averting or minimizing a loss and to ensure that all rights against Carriers. Bailees or other third parties are properly preserved and exercised. In particular, the Assured or their Agents are required.
1. To claim immediately on the Carriers, Port Authorities or other Bailees for any missing packages.
2. In no circumstances, except under written protest, to give clean receipts where goods are in doubtful condition.
3. When delivery is made by Container, to insure that the Container and its seals are examined immediately by their responsible official. If the Container is delivered damaged or with seals broken or missing or with seals other than as state in the shipping documents, to clause the delivery receipt accordingly and retain all defective or irregular seals for subsequent identification.
4. To apply immediately for survey by Carriers' or other Bailees' Representatives if any loss or damage be apparent and claim on the Carriers.
5. To give notice in writing to the Carriers or other Bailees within 3 days of delivery if the loss or damage was not apparent at the time of taking delivery.
NOTE: The Consignees or their Agents are recommended to make themselves familiar with the Regulations of the Port Authorities at the port of discharge.

### DOCUMENTATION OF CLAIMS
to enable claims to be dealt with promptly, the Assured or their Agents are advised to submit all available supporting documents without delay, including where applicable:
1. Original policies of insure.
2. Original or certified copy of shipping invoice, together with shipping specification and / or weight notes.
3. Original or certified copy of Bill of Lading and /or othercontract of carriage.
4. Survey report or other documentary evidence to show the extent of the loss or damage.
5. Landing account and weight notes at port of discharge and final destination.
6. Correspondence exchanged with the Carriers and other Parties regarding their liability for the loss of damage.

  In the event of loss or damage which may involve a claim under this insurance, no claim shall be paid unless immediate notice of such loss or damage has been given to and a Survey Report obtained from this Company's Office or Agents specified in this Policy.

复核:SYSTEM

签单地址及电话    QING PU    39287812
Issuing Address & Tel.

*For and on behalf of*
PING AN PROPERTY & CASUALTY
INSURANCE COMPANY OF CHINA, LTD.
SHANGHAI BRANCH

..............................
*Authorized Signature*

制单:P_HYJJ_GP

Anti-Forgery Code: Xtk9V2tJWS4w725Yck