**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| DEEP HASH MINING, LLC, | ) | |
| A foreign limited liability corporation | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:25-cv-03164 |
| v. | ) | |
| | ) | |
| UNITED PARCEL SERVICE, INC., | ) | Judge Mary M. Rowland |
| | ) | |
| BITMARS GROUP, INC., SHENZHEN | ) | |
| SHICHENG CLOUD COMPUTING | ) | |
| TECHNOLOGY CO., LTD., | ) | |
| SHENZEN ZINTIANCHEN FREIGHT | ) | |
| FORWARDING CO., LTD. AND PING AN | ) | |
| PROPERTY & CASUALTY INSURANCE | ) | |
| OF CHINA LTD. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT UNITED PARCEL SERVICE, INC.'S**
**MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**
<u>**PLAINTIFF'S COMPLAINT**</u>

1

**I. INTRODUCTION**

Defendant United Parcel Service, Inc. ("UPS") moves to dismiss Plaintiff Deep Hash Mining, LLC's Complaint under Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction. The Complaint asserts a single claim against UPS under the Carmack Amendment to the Interstate Commerce Act, 47 U.S.C. § 14706, arising from 204 packages that were allegedly damaged in a fire during transport from Hong Kong to Texas. As outlined below, however, UPS is not subject to either general or specific jurisdiction in this Court.

First, as to general jurisdiction, UPS is incorporated under the laws of Ohio and its principal place of business is in Georgia. As such, UPS does not have forum contacts that are "so constant and pervasive as to render [it] essentially at home in" Illinois. *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (internal quotations and citation omitted).

Second, as to specific personal jurisdiction, Plaintiff has not met its burden of establishing that UPS has sufficient minimum contacts with Illinois to warrant the exercise of specific jurisdiction. The Complaint does not allege that UPS transported the goods through Illinois, that the alleged damage occurred in Illinois, or that there is any other affiliation between the forum and the underlying controversy. Instead, Plaintiff alleges that UPS "operates throughout the Untied [sic] States including Illinois" and that *Plaintiff* is a resident of Illinois. (*See* Plaintiff's Complaint, herein "Compl." at ¶ 3.) Those allegations are insufficient to demonstrate that Plaintiff's claim arises out of or relates to UPS's contacts with the state, or that UPS has the necessary contacts with Illinois for purposes of specific personal jurisdiction.

For these reasons, jurisdiction over UPS is not appropriate under traditional measures of due process. Because Plaintiff cannot overcome this fatal jurisdictional defect, UPS respectfully requests that this Court dismiss the Complaint against UPS.

## II. BACKGROUND

Plaintiff has sued several defendants that it claims were involved with shipping servers and component parts ("Property") from Hong Kong to the United States. Plaintiff alleges it entered into an agreement with Defendant Bitmars Group Inc. ("Bitmars") to purchase the Property for $892,696. (Compl. ¶ 12.) Plaintiff further alleges that Bitmars hired Defendant Shenzhen Shicheng Cloud Computing Technology Co., Ltd. ("Shenzhen Shicheng") as a freight forwarder to ship the Property to Plaintiff. (*Id*. ¶ 14.) In turn, Shenzhen Shicheng, as Bitmars agent, allegedly hired Shenzhen Xintianchen Freight Forwarding Co. Ltd. ("Shenzhen Xi") to transport the property to the United States. (*Id*. ¶ 18.) The Complaint asserts that "UPS was hired to transport the property upon its arrival in the United States to Plainview, Texas," and that UPS was transporting the Property when a mechanical defect caused a fire that destroyed 187 of the 204 packages. (*Id*. ¶¶ 19-20.) Plaintiff further alleges that Defendants Bitmars, Shenzhen Shicheng, and Shenzhen Xi purchased an insurance policy from Defendant Ping An Property & Casualty Insurance Company of China Ltd. ("Ping An") to protect the Property during the course of transportation, and that Ping An has refused to pay the claim. (*Id*. ¶¶ 23-26.)

Based on these allegations, Plaintiff brings one count against UPS under the Carmack Amendment (Count I) and several other counts against the remaining defendants for breach of contract, declaratory judgment, and bad faith (Counts II-VI). (*Id*. ¶¶ 33-74.) The Complaint seeks to recover over a million dollars as a result. (*Id*. ¶ 22.**)**

## III. THE COURT LACKS PERSONAL JURISDICTION OVER UPS

Where a non-resident defendant challenges personal jurisdiction through a Rule 12(b)(2) motion to dismiss, the plaintiff bears the burden of demonstrating that the Court may properly exercise jurisdiction. *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). In

evaluating whether a court may exercise personal jurisdiction over a particular defendant, district courts "follow state law in determining the bounds of their jurisdiction[.]" *John Crane, Inc. v. Shein L. Ctr., Ltd.*, 891 F.3d 692, 695 (7th Cir. 2018); *see also Philos Techs., Inc. v. Philos & D, Inc.*, 645 F.3d 851, 855 n.2 (7th Cir. 2011) ("A federal court exercising diversity jurisdiction has personal jurisdiction only where a court of the state in which it sits would have such jurisdiction."). Illinois's long-arm statute authorizes personal jurisdiction to the extent permitted by the Illinois Constitution and the United States Constitution. 735 ILCS 5/2–209(c).

Accordingly, courts may only exercise jurisdiction over defendants that have sufficient "minimum contacts" with Illinois to satisfy "traditional notions of fair play and substantial justice." *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019) (quoting *Int'l Shoe Co v. Washington*, 326 U.S. 310, 316 (1945)). Under the "minimum contacts" analysis, there are two potential bases for personal jurisdiction: general ("all-purpose") and specific ("case-specific" or claim linked). *Kipp v. Ski Enter. Corp. of Wis., Inc.*, 783 F.3d 695, 697-98 (7th Cir. 2015). Neither is present here.

### A. There Is No General Jurisdiction Over UPS.

As an initial matter, UPS is not subject to general personal jurisdiction in Illinois. General jurisdiction exists where a defendant's contacts with the forum state are so "constant and pervasive," *Daimler*, 571 U.S. at 122, that the defendant can be considered "essentially at home" in the state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). The paradigm forums in which a corporate defendant is at home are its "place of incorporation" and "principal place of business." *Daimler*, 571 U.S. at 137; *see also Kipp*, 783 F.3d at 698 (acknowledging that *Daimler* "raised the bar" for general jurisdiction). Only in "exceptional"

4

circumstances, which do not exist here, may a corporation be considered "at home" elsewhere. *Daimler*, 571 U.S. at n. 19.

Here, Plaintiff's complaint does not allege that UPS is incorporated in, or that it has its principal place of business in, Illinois. Nor could it, as that is not the case. Indeed, Plaintiff concedes in its Civil Cover Sheet that UPS is a resident of Georgia. (Dkt. No. 1-1 at 1.) Furthermore, as a matter of public record, UPS is incorporated under the laws of Ohio and its principal place of business is in Georgia. (UPS Request for Judicial Notice at 1-2, Ex. A at 1.)

Plaintiff also does not allege facts to demonstrate that UPS's contacts with the forum are of a substantial nature such that this is an exceptional case where UPS could otherwise be considered at "home" in Illinois. The Supreme Court in *Daimler* pointed to *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437 (1952) to illustrate what it meant by an "exceptional" case. *Daimler*, 571 U.S. at 129-130, 137 n. 19. In doing so, it explained that the *Perkins* Court found that it would not violate due process to exercise general jurisdiction over a foreign corporation in Ohio because the corporation was forced to temporarily relocate from the Philippines to Ohio during World War II. *Id* at 129-130. Ohio was therefore "the corporation's principal, if temporary, place of business." *Id*. at 130. Plaintiff has not alleged similar facts here. Courts have also consistently recognized that under *Daimler*, it is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014). *See also Campbell v. Acme Insulations, Inc.*, 105 N.E.3d 984, 992 (Ill. App. Ct. 2018) (finding that the defendant, who was incorporated in New York and had its principal place of business in Massachusetts, was not "at home" in Illinois despite its business activities in the state, noting that the activities were a relatively small portion of its total global operations); *Moore v. Alaska Airlines, Inc.*, No. 19 C

5

2951, 2019WL5895434, at *3 (N.D. Ill. Nov. 12, 2019) (concluding that Alaska Airlines is not "at home" in Illinois even though it "operates many, if not hundreds, of flights to and from O'Hare, advertises in Chicago, and maintains offices at O'Hare"); *Aspen Am. Ins. Co. v. Interstate Warehousing, Inc.*, 90 N.E.3d 440, 446 (Ill. 2017) (holding that the defendant corporation would be denied due process if it was subject to general personal jurisdiction in Illinois when it is incorporated and has its principal place of business in Indiana, irrespective of the fact that plaintiff established defendant operates a warehouse and does business in Illinois); *Ford Motor Co. v. Mont. Eighth Judicial Dist. Ct.*, 592 U.S. 351, 359 (2021) (finding no general jurisdiction over Ford Motor Co. in Montana or Minnesota).

As a result, Plaintiff has not established that UPS is subject to general personal jurisdiction in Illinois.

**B. There Is No Specific Jurisdiction Over UPS Either.**

In the absence of general jurisdiction, Plaintiff must establish that the Court has specific jurisdiction over UPS for its claim to survive. Plaintiff cannot do so here.

A court may exercise specific personal jurisdiction over a defendant if the defendant could "reasonably anticipate being haled into court there." *Eco Pro Painting, LLC v. Sherwin-Williams Co.,* 807 F. Supp. 2d 732, 736 (N.D. Ill. 2011) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). For specific jurisdiction to exist, "'the suit' must 'aris[e] out of or relat[e] to the defendant's contacts with the forum" and "there must be 'an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State[.]'" *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 262-264 (2017) (quoting *Daimler*, 571 U.S. at 127 and *Goodyear*, 564 U.S. at 919). The exercise of specific personal jurisdiction must also comport with "traditional notions of fair play and substantial

6

justice." *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement,* 326 U.S. 310, 316 (1945).

The Complaint does not contain allegations sufficient to establish that UPS is subject to specific personal jurisdiction in Illinois. It does not allege that the alleged fire occurred in Illinois or even that UPS transported the goods *through* Illinois. Nor does Plaintiff allege that any other conduct at issue occurred in Illinois or that Plaintiff's claim against UPS arises from UPS's contacts with Illinois. Instead, Plaintiff alleges that "UPS was hired to transport the Property upon its arrival in the United States to Plainview, Texas." (Compl. ¶ 19.) While the Complaint also generally alleges that UPS "operates throughout the Untied [sic] States including Illinois" and that "[Plaintiff's] principal place of business [is] in Illinois" with members who are Illinois residents" (Compl. ¶¶ 1-3), those allegations are not sufficient to establish that *UPS* has the necessary contacts for purposes of specific personal jurisdiction. *See e.g.*, *Gullen v. Facebook.com, Inc.*, No. 15 C 7681, 2016 WL 245910, at *2 (N.D. Ill. Jan. 21, 2016) ("'For a State to exercise jurisdiction consistent with due process, the defendant's *suit-related* conduct must create a substantial connection with the forum State' . . . . The 'mere fact that [defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction.'") (citations omitted).

### IV. CONCLUSION

For the reasons set forth above, UPS respectfully requests that the Court dismiss Plaintiff's Complaint against UPS for lack of personal jurisdiction.

Dated: June 4, 2025                                   Respectfully submitted,

                                                                               UNITED PARCEL SERVICE, INC.

                                                                               By:    /s/ John C. Ellis
                                                                                        *Attorney for United Parcel Service, Inc.*

John C. Ellis
ELLIS LEGAL, P.C.
200 W. Madison Street, Suite 2670
Chicago, Illinois 60606
(312) 967-7629
jellis@ellislegal.com

**CERTIFICATE OF SERVICE**

I, John C. Ellis, an attorney, certify that, on June 4, 2025, the foregoing was filed electronically with the Court's CM/ECF system, and that notice of this filing was sent by electronic mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to receive electronic filings as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

      /s/ John C. Ellis