IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEEP HASH MINING, LLC,<br>A foreign limited liability corporation<br><br>                Plaintiff,<br>v.<br><br>UNITED PARCEL SERVICE, INC.,<br>BITMARS GROUP, INC., SHENZHEN<br>SHICHENG CLOUD COMPUTING<br>TECHNOLOGY CO., LTD.,<br>SHENZEN ZINTIANCHEN FREIGHT<br>FORWARDING CO., LTD. AND PING AN<br>PROPERTY & CASUALTY INSURANCE<br>OF CHINA LTD.<br><br>                Defendants. | Case No. 1:25-cv-03164 |

**DEFENDANT UNITED PARCEL SERVICE, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS**

Pursuant to Federal Rule of Evidence 201, Defendant UNITED PARCEL SERVICE, INC. ("Defendant" or "UPS"), through its attorney, Ellis Legal, P.C., respectfully requests that the Court take judicial notice of the following document, which is attached hereto, in considering UPS's concurrently filed Motion to Dismiss:

**Exhibit A:** Public record from the Georgia Secretary of State website reflecting UPS's Annual Registration, filed on January 24, 2025.

Rule 201(b) of the Federal Rules of Evidence permits a court to take judicial notice of an adjudicative fact that is "not subject to reasonable dispute" because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *In the Matter of Lisse*, 905 F.3d 495, 496 (7th Cir. 2018). Documents that are part of the public record, such as those from the State Secretary of State, can be judicially noticed if their accuracy cannot reasonably be

1

questioned. For example, in the case of *Ewell v. Toney*, the court took judicial notice of documents from the Fond du Lac Circuit Court because their existence was not subject to reasonable dispute. *Ewell v. Toney*, 2016 WL 53872, at *5 (E.D. Wis. 2016). Similarly, in *United States v. Cohen,* the Central District of Illinois took judicial notice of a printout from a Department of State website that discussed the entry and exit requirements for U.S. citizens traveling to certain foreign nations. *United States v. Cohen,* 2012 WL 505918, at *7 (C.D. Ill. 2012).

The Court should take judicial notice of the document attached hereto as Exhibit A, which is UPS's Annual Registration with the Georgia Secretary of State, filed on January 25, 2025. (Ex. A at 1.) This public record is available online on the website of the Office of the Georgia Secretary of State whose accuracy cannot reasonably be questioned. Courts also routinely take judicial notice of public records under Rule 201. *See e.g.*, *In the Matter of Lisse*, 905 F.3d at 496 (public records are appropriate subjects of judicial notice); *Menominee Indian Tribe of Wisconsin v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998) (taking judicial notice of public records is proper); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (finding that district court properly considered public documents in deciding the defendant's motion to dismiss). In particular, the Court may take judicial notice of public record information obtained from an official government website. *See Betz v. Greenville Correctional Inst.*, 2014 WL 812403, at *1 (S.D. Ill. 2014); *see also Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003) (taking judicial notice of military personnel records found online at www.archives.gov website); *Laborer's Pension Fund v. Blackmore Sewer Constr., Inc.*, 298 F.3d 600, 607 (7th Cir. 2002) (taking judicial notice of information from official website of the FDIC).

For these reasons, UPS respectfully requests that the Court grant UPS's request for judicial notice and consider the attached document in ruling on UPS's Motion to Dismiss.

Dated: June 4, 2025 

Respectfully submitted,

UNITED PARCEL SERVICE, INC.

By: /s/ John C. Ellis
*Attorney for United Parcel Service, Inc.*

John C. Ellis
ELLIS LEGAL, P.C.
200 W. Madison Street, Suite 2670
Chicago, Illinois 60606
(312) 967-7629
jellis@ellislegal.com