UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEEP HASH MINING, LLC, <br> A foreign limited liability corporation, <br><br> Plaintiff, <br><br> v. <br><br> BITMARS GROUP, INC., SHENZHEN SHICHENG CLOUD COMPUTING TECHNOLOGY CO., LTD., SHENZHEN ZINTIANCHEN FREIGHT FORWARDING CO., LTD., AND UNITED PARCEL SERVICE, INC. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 25 cv 03164 <br> )District Judge Mary M. Rowland <br> )Magistrate Judge M. David Weisman <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT UNITED PARCEL
SERVICE, INC.'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(2)**

Now comes Plaintiff, Deep Hash Mining, LLC ("Deep Hash"), by and through its attorneys, Michael Shacter of Shacter Law and states for its Response to Defendant United Parcel Service, Inc.'s Motion to Dismiss as follows:

**I.      Background**

A fire on a UPS truck destroyed Plaintiff's property. Plaintiff filed its Complaint against Defendant United Parcel Service, Inc. ("UPS") under the Carmack Amendment to the Interstate Commerce Act 47 U.S.C. § 14706. (**Doc #1**). UPS filed its 12(b)(2) Motion to Dismiss (**Doc #21**) and Memorandum of Motion to Dismiss (Doc #22). The Motion and Memorandum s hall be collectively known as the "Motion".

**II.     Standard for Deciding a Rule 12(b)(2) Motion to Dismiss**

In deciding the motion to dismiss, the court may receive and consider affidavits from both parties. *Greenberg v. Miami Children's Hosp. Research hist, Inc.,* 208 F.Supp.2d 918, 922 (N.D. IU. 2002). Conflicts in the pleadings and affidavits are resolved in favor of plaintiff. *Cont'l Cas.*

1

*Co. v. Marsh,* No. 01 C 0160, 2002 WL 31870531, at *2 (N.D.I ll. Dec. 23, 2002) (citing *RAR, Inc. v. Turner Diesel, Ltd.,* 107 F.3d 1272, 1276 (7th Cir. 1997).

### III.     There is an Issue of Fact that Illinois has Specific Jurisdiction

In the Motion, UPS protests that the Complaint lacks facts to establish specific jurisdiction over UPS. (Motion p. 7).  Plaintiff was not required to allege facts to support personal jurisdiction in the Complaint, but acknowledges that Plaintiff now bears the burden of establishing personal jurisdiction after UPS moved to dismiss the Complaint for lack of personal jurisdiction. *See Curry v. Revolution Labs., LLC,* 949 F.3d 385, 392 (7th Cir. 2020).

The Complaint does allege that UPS operate throughout the United States, including in Illinois. (Doc # 1 ¶ 3).  On August 6, 2024, a UPS truck was carrying Plaintiff's property when a mechanical defect caused a fire and destroyed the property.  ((Doc # 1 ¶ 3).  Prior to Plaintiff filing the Complaint, on or about March 2025, Plaintiff's counsel, Michael Shacter, attempted to use UPS' online tracking tool to determine whether UPS' truck traveled through Illinois. **Exhibit 1** ¶ 2.  After inserting tracking information into the portal, Mr. Shacter received an automated response that the information was no longer available. **Exhibit 1** ¶ 3.

On or about March 2025,  Mr. Shacter called UPS customer service and provided a representative with a tracking number. **Exhibit 1** ¶ 4. The representative stated that he could not access the information. **Exhibit 1** ¶ 5. Mr. Shacter asked the representative if he knew whether UPS' truck traveled through Illinois on its way to the final destination of Texas. The representative responded that the truck would have driven through either Illinois or Kentucky. **Exhibit 1** ¶ 7. Plaintiff has requested this information from UPS' counsel subsequent to his filing the Motion but has not received a response. **Exhibit 1** ¶¶ 9-10.

In determining whether the demands of federal due process permit the exercise of personal jurisdiction over a defendant, the court is guided by the fundamental inquiry into whether the defendant has such "minimum contacts" with the forum state that exercising jurisdiction does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement*, 326 U.S. 310, 316 (1945).

In determining whether a defendant has such minimum contacts, a court looks to whether the defendant "purposefully directed" his activities toward the forum state, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985), and whether suit in the forum state was foreseeable*, i.e.*, whether the defendant "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). The overall standard for determining whether to exercise personal jurisdiction is a flexible one which emphasizes the reasonableness of subjecting a defendant to suit in a foreign jurisdiction. *See, Sears Bank & Trust Co. v. Luckman*, 377 N.E.2d 1156, 1159 (Ill. App. Ct. 1978). See *Brandi v. Belger Cartage Service, Inc.,* 842 F.Supp. 1337, 1342 (D. Kan. 1994) (a nonresident transportation broker was subject to personal jurisdiction in Kansas where that broker occasionally arranged for the shipment of freight to, from, *and through the state of Kansas* even though the broker had no offices or property in the forum state, did not advertise in the forum state, and did not initiate the contract in question. *See id.* at 1340. *See id.* at 1341-42). Emphasis added.

In this case, UPS is ubiquitous in the State of Illinois and there is an issue of fact whether the UPS truck which failed to deliver Plaintiff's property traveled through Illinois, where and when the mechanical defect occurred. This case involves a straightforward application of the rules for specific personal jurisdiction. UPS certainly directed its activities at Illinois and purposefully availed itself of the privilege of conducting business within this judicial district. *Thompson Tractor*

3

*v. Daily Express, Inc*. 2020 cv 02210 citing *Schwarz v. Nat'l Van Lines, Inc.,* 317 F. Supp. 2d 829, 835 (N.D. Ill. 2004) (finding sufficient contacts with the forum where the defendants accepted the business of transporting plaintiff's belongings out of the forum; *Walden v. Fiore,* 571 U.S. 277, 285 (2014) ("[A]lthough physical presence in the forum is not a prerequisite to jurisdiction, physical entry into the State—either by the defendant in person or through an agent, goods, mail, or some other means— is certainly a relevant contact."

There is no question that UPS actively serves Illinois and, there is, in the least, an issue of fact whether the truck at issue (a) traveled through Illinois and/or (b) a defect was addressed in the State of Illinois on the way to deliver Plaintiff's property. UPS physically entered this judicial district to transport goods and should reasonably expect to be subject to regulations here. If UPS traveled through Illinois, Plaintiff's injury arose from UPS' forum-related activities, namely its transport of the Plaintiff's property through Illinois. See *Burger King* and *Ford Motor Company* recognizing that a company like UPS establishes the requisite minimum contacts because it constitutes "purposeful availment of the [forum] States' markets" necessary for jurisdiction. *Ford Motor Co*., 592 U.S. at 365 (minimum-contacts satisfied through Ford's "purposeful availment of the two States' markets" through "dealerships" that operate in the forum states as "franchises," id. at 372 (Alito, J., concurring)).

UPS' Motion overlooks that this Court's personal jurisdiction analysis focuses on UPS' connection to Illinois. Therefore "[t]he question is… whether the defendant's conduct connects him with the forum in a meaningful way." *Rogers v. City of Hobart, In*., 996 F.3d 812, 819 (7th Cir. 2021).

There is an issue of fact as to whether Plaintiff can satisfy the second requirement that "the litigation result from alleged injuries that arise out of or relate to those activities." *Id*. at 472

4

(emphasis added). Some relationship with the State of Illinois will support jurisdiction without a strict causal showing." *Ford Motor Co.*, 592 U.S. at 362. Strict "proof of causation" between UPS' agreements to operate in Illinois through a registered foreign corporation or other contractual relationships in Illinois are not required. *Id.*.

V. **Jurisdiction over UPS Comports with Fair Play and Substantial Justice**

UPS does not argue, much less offer evidence, that litigating in Illinois will burden UPS. After establishing minimum contacts, this Court must evaluate them "in light of . . . fair play and substantial justice." *Burger King*, 471 U.S. at 477. This inquiry considers: (1) "the burden on the defendant"; (2) "the forum State's interest in adjudicating the dispute"; (3) "the plaintiff's interest in obtaining convenient and effective relief"; (4) "the interstate judicial system's interest in obtaining the most efficient resolution of controversies"; and (5) the "shared interest of the several States in furthering fundamental substantive social policies." *Burger King*, 471 U.S. at 477. Each of these factors weigh heavily in favor of this Court having jurisdiction.

In *Research Foundation v. SanofiSynthelabo, S.A.*, 338 F.3d 773 (7th Cir. 2003) the plaintiff sued a French company that purchased the assets of another company, *Sterling Drug*, including a contract between Sterling and the plaintiff. Id. at 786. The court recognized that the Indiana district court had jurisdiction over Sterling Drug because it "made the deliberate decision to contract with an Indiana resident in furtherance of its pharmaceutical business." Id. this Court is able to efficiently hear this action. Further, there is a social interest in preventing a nationwide company from immunizing itself from suit in all but its home jurisdiction. *Cf. Viktron Ltd. Partnership v. Program Data Inc.,* 759 N.E.2d 186, 199 (1ˢᵗ Dist. 2001).

The justification to litigate in Illinois outweighs any burden on UPS. Plaintiff is domiciled in Illinois "has an interest in providing a forum to resolve the disputes before [the Court] because

they involve harms to firms doing business in Illinois, some of [which are] incorporated or with principal places of business in [Illinois]." *Acorda*, 817 F.3d at 764. Moreover, "cases where a defendant may defeat otherwise constitutional personal jurisdiction should be limited to the rare situation in which the plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum." *Inamed*, 249 F.3d at 1363 (cleaned up). Such is not the case here. Accordingly, UPS' motion to dismiss under Rule 12(b)(2) must be denied

### IV. Conclusion

UPS supported the Motion with public records but not affidavits. Although a 12(b)(2) Motion shifts the burden to Plaintiff to establish a prima facie jurisdiction, UPS' registration in Ohio and headquarters in Georgia does not preclude specific personal jurisdiction in Illinois. A UPS truck drove through several states, and may have driven through Illinois. It appears that a mechanical issue in the truck caused a fire that destroyed Plaintiff's property. Plaintiff has alleged facts to establish an issue of fact whether Illinois has specific personal jurisdiction over UPS. These are issues that warrant discovery and an evidentiary hearing.

WHEREFORE, Plaintiff Deep Hash Mining, LLC, prays that this Court either deny UPS' Motion or, in the alternative, allow the parties to conduct discovery and set this matter for an evidentiary hearing as to jurisdiction.

**DEEP HASH MINING, LLC**

By: _/s/ Michael Shacter_
One of its Attorneys

Michael Shacter
Shacter Law
1603 Orrington Ave., Suite 600
Evanston IL 60201
847-942-7208
mshacter@shacterlawfirm.com